IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY MCCLENON ASHFORD, #1393974, | § § § | |
| Petitioner, | § § | |
| v. | § § | No. 3:24-cv-00313-X (BT) |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Texas prisoner Timothy McClenon Ashford's amended § 2254 habeas application attacking a 2006 aggravated robbery conviction. ECF No. 7. For the reasons below, the Court should dismiss Ashford's habeas application as untimely.

**Background**

In 2006, Ashford was convicted of aggravated robbery and sentenced to thirty years' imprisonment. *See State of Texas v. Timothy McClenon Ashford*, 0991515D (372nd Dist. Court, Tarrant Cnty. Sept. 19, 2006); Case Detail (txcourts.gov) (search for Ashford's case number; last visited August 2, 2024); Texas Department of Criminal Justice Inmate Search (search for Ashford's prisoner number showing his sentence date; last visited August 2, 2024).

The Second District Court of Appeals affirmed the conviction on September 13, 2007. *See Ashford v. The State of Texas*, No. 2-06-334-CR, 2007 WL 269386

(Tex. App.—Fort Worth, Sept. 13, 2007, no pet.) (unpublished). Ashford did not file a petition for discretionary review with the Texas Court of Criminal Appeals (CCA). *See* ECF No. 7 at 3. And though Ashford claims that he filed a state habeas application in 2012, CCA records show that he did not file a state habeas application in 2012 or at any other time. *See* ECF No. 7 at 3-4; Case Detail (txcourts.gov) (search for Ashford's case number last visited August 2, 2024).

In early 2024, Ashford filed a document with this Court that it construed as an application for habeas relief under 28 U.S.C. § 2254. ECF No. 3. The Court warned Ashford that it was construing his filing as a § 2254 petition and gave him the chance to withdraw it or file an amended petition containing all of his claims for relief. *See* ECF No. 6; *Castro v. United States*, 540 U.S. 375 (2003).

In response, Ashford filed an amended habeas petition on June 12, 2024. ECF No. 7 at 10. He appears to challenge the 2006 aggravated robbery conviction.[1]

---

[1] Ashford has six convictions, with the 2006 aggravated robbery being the most recent. He never specifies the case number for the conviction that he is challenging here. But, in his grounds for relief, he mentions a "Phil Featherstone," who was the victim of the 2006 robbery. *See Ashford*, 2007 WL 2693866, at *1-2. So, the Court assumes that he is challenging the 2006 conviction. To the extent that Ashford intends to challenge an older conviction, the sentences for those convictions—a 1989 conviction for theft for which he received a seven-year sentence, two 1989 robbery convictions for which he received ten-year sentences, a 1991 theft conviction for which he received a seven-year sentence, and a 2000 burglary conviction for which he received a four-year sentence—have likely expired, depriving the Court of jurisdiction to consider them. *See, e.g., Maleng v. Cook*, 490 U.S. 488, 490-92 (1989).

## Legal Standards and Analysis

Under Rule 4 of the Rules Governing Section 2254 Cases, a court should conduct a preliminary review of an application to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases (2254 Rules).

While "the statute of limitations provision of the [Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)] is an affirmative defense rather than jurisdictional," a district court may dismiss a time-barred Section 2254 application sua sponte under Habeas Rule 4, so long as the parties are given fair notice and an opportunity to present their positions. *See Gaona v. Dir., TDCJ-CID*, 2023 WL 9198118, at *1 (N.D. Tex. Dec. 15, 2023), *rec. accepted* 2024 WL 130412 (N.D. Tex. Jan. 10, 2024) (citing *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999) (*Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam)) (further citation omitted).

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Pub. L. 104-132, 110 Stat. 1214 (1996). Under the statute, the limitations period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A). Here, there is no sign that the provisions of § 2244(d)(1)(B)-(D) are implicated. As a result, § 2244(d)(1)(A) applies.

Ashford's habeas application is untimely under § 2244(d)(1)(A). the appellate court denied Ashford's direct appeal of his aggravated robbery conviction on September 13, 2007. He did not file a petition for discretionary review. Therefore, for purposes of § 2244(d)(1)(A), his conviction became final on October 15, 2007, thirty days after the denial of his direct appeal,[2] when his time for petitioning for discretionary review with the CCA expired. *See*, *e.g.*, *White v. Davis*, 2019 WL 1930229, at *2 (S.D. Tex. Apr. 30, 2019) ("White's sentence was imposed on July 22, 2010, and his conviction was affirmed as reformed on May 17, 2011. He

---

[2] October 14, 2007—the date that was thirty days from the denial of the direct appeal, and not including the day the appeal was denied, was a Sunday. Thus, his conviction did not become final until the next day. *See* TEX. R. APP. P. 4 (explaining that, when computing a period prescribed by "these rules," the last day of the period is included, but if that day is a Saturday, Sunday, or legal holiday, the period extends to the end of the next day that is not a Saturday, Sunday, or legal holiday).

did not file a petition for discretionary review with the Texas Court of Criminal Appeals, and the time for doing so expired thirty days after the appellate court judgment.") (citing TEX. R. APP. P. 68.2(a)).

Accordingly, Ashford had until October 15, 2008, to file a federal habeas application. But he did not mail his initial filing, liberally construed as a habeas application, until January 29, 2024—more than fifteen years after the expiration of the filing deadline. ECF No. 3 at 4. Thus, absent tolling, his application is untimely.

AEDPA's one-year limitation period is subject to equitable[3] tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling") (quoting *Davis*, 158 F.3d at 811). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999), *abrogated on other grounds by Causey v. Cain,* 450 F.3d 601, 605-06 (5th Cir. 2006). Additionally, "'[e]quity is not intended for those who sleep on their rights.'" *Fisher v. Johnson*, 174 F.3d 710, 715

---

[3] The statute is also subject to statutory tolling during the pendency of a state habeas application filed before the expiration of the federal filing deadline. *See* 28 U.S.C. § 2244(d)(2). But, as explained, there is no record of Ashford ever having filed a state habeas application in relation to the 2006 conviction, and certainly not one before the expiration of the federal filing deadline.

(5th Cir. 1999) (citation omitted). Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'" *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir. 1992)). A petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Here, Ashford has not shown that he was actively misled or that he was prevented in some way from asserting his rights. He has not shown that this is the kind of "rare and exceptional" case in which equitable tolling could apply. His federal habeas application, filed more than fifteen years after a Texas appellate court denied his direct appeal, is untimely.

## Recommendation

The Court should sua sponte dismiss with prejudice Ashford's federal habeas application under Habeas Rule 4.

SO RECOMMENDED.

September 4, 2024.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

6

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.

7